IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DANYS GONZALEZ,<br><br>   Plaintiff,<br><br>v.<br><br>AEROTEK, INC.,<br><br>   Defendant. | Civil Action No. 3:20-cv-50430 |

**DEFENDANT AEROTEK'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

Defendant Aerotek, Inc. ("Aerotek"), by and through its attorneys Seyfarth Shaw LLP, in response to Plaintiff's Amended Complaint and Jury Demand, answers as follows:

**COMPLAINT ¶1:**

The Plaintiff is a 51-year-old Black African-American with a National Origin of Cuba.

**ANSWER:**

Aerotek admits that Plaintiff self-identified to Aerotek that he is 51 years old and his country of citizenship is Cuba. Answering further, Plaintiff self-identified to Aerotek that he is Hispanic or Latino. Aerotek denies each and every remaining allegation of this paragraph.

**COMPLAINT ¶2:**

The Defendant is a duly licensed private corporation in the State of Illinois doing business in Winnebago County, State of Illinois.

**ANSWER:**

Aerotek admits that it is licensed to do business in the State of Illinois and that it does business in Winnebago County, Illinois. Aerotek denies each and every remaining allegation of this paragraph.

**COMPLAINT ¶3:**

The Defendant has a business location located in Rockford, Illinois and this is where the Plaintiff was employed.

**ANSWER:**

Aerotek admits that it has a business location in Rockford, Illinois. Answering further, Aerotek admits that it employed Plaintiff and that Plaintiff's staffing assignments were made from Aerotek's Rockford location. Aerotek denies that Plaintiff worked at its Rockford location and denies each and every remaining allegation of this Paragraph.

**COMPLAINT ¶4:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e et seq.

**ANSWER:**

Aerotek denies that Plaintiff has any legitimate cause of action arising under federal or state law. Aerotek admits that the Court has subject matter jurisdiction and that venue is proper.

**COMPLAINT ¶5:**

Plaintiff is employed by the Defendant was a factory packer.

**ANSWER:**

Aerotek admits that it employed Plaintiff. Answering further, Aerotek admits that it placed Plaintiff on assignment to an Aerotek client as a General Production Worker. Aerotek denies each and every remaining allegation of this Paragraph.

**COMPLAINT ¶6:**

From October 18, 2018, the Plaintiff's employment with the Defendant he has been subject to different terms and conditions of employment in that he has been disciplined where he was falsely accused of misconduct whereas his white co-workers have not.

**ANSWER:**

Aerotek admits that it placed Plaintiff on assignment at a client facility beginning on October 15, 2018. Aerotek denies each and every remaining allegation of this Paragraph.

**COMPLAINT ¶7:**

I have complained to management about discriminatory treatment, but it continued.

**ANSWER:**

Denied.

**COMPLAINT ¶8:**

After complaining, the Plaintiff was terminated on January 22, 2019.

**ANSWER:**

Aerotek admits that Plaintiff's assignment to Aerotek's client facility ended on January 22, 2019. Aerotek denies each and every remaining allegation of this Paragraph.

**COMPLAINT ¶9:**

I have been discriminated against by Aerotek because of National Origin and Sex and retaliated against when I complained to management of discrimination in the workplace in violation of state and federal statutes.

**ANSWER:**

Denied.

**COMPLAINT ¶10:**

The Plaintiff acted to file charges of discrimination with EEOC on or about March 1, 2019, and attached hereto as Exhibit A. On or about August 8, 2019, the EEOC served a Right to Sue Letter attached hereto as Exhibit B.

**ANSWER:**

Aerotek admits that Plaintiff's charge of discrimination filed with the EEOC is dated March 1, 2019. Aerotek admits that it was served a Notice of Right to Sue Letter from the EEOC. Aerotek denies each and every remaining allegation of this Paragraph.

## COUNT I
## National Origin

**COMPLAINT ¶11:**

The Plaintiff adopts and realleges paragraphs 1 through 10 as though fully set forth Here.

**ANSWER:**

Aerotek adopts by reference its answers to Paragraphs 1-10.

**COMPLAINT ¶12:**

The Plaintiff was subjected to national origin discrimination by management in that he was subject to different terms and conditions of employment than his Caucasian co-workers.

**ANSWER:**

Denied.

**COMPLAINT ¶13:**

The Plaintiff complained of the discrimination to management but was terminated.

**ANSWER:**

Denied.

**COMPLAINT ¶14:**

The Plaintiff suffered compensatory damages as a result of being exposed to discrimination based on race.

**ANSWER:**

Denied.

**COMPLAINT ¶15:**

The Defendant acted either intentionally or with reckless disregard to Plaintiff's Civil Rights so as to warrant punitive damages against the Defendant.

**ANSWER:**

Denied.

**COMPLAINT WHEREFORE PARAGRAPH:**

WHEREFORE, the Plaintiff prays for this Honorable Court to grant judgment in his favor awarding compensatory, actual, and punitive damages against the Defendant in excess of $75,000.00 to include attorney's fees and costs.

**ANSWER:**

The preceding paragraph contains no factual averments. To the extent that a response is required, Aerotek denies that Plaintiff is entitled to any damages, including compensatory, actual, and punitive damages, attorney's fees, and costs.

**COUNT II**
Sex

**COMPLAINT ¶16:**

The Plaintiff adopts and realleges paragraphs 1 through 15 as though fully set forth here.

**ANSWER:**

Aerotek adopts by reference its answers to Paragraphs 1-15.

**COMPLAINT ¶17:**

The Plaintiff suffered color discrimination from the Defendant in that his female co-workers were not subject to the treatment he was by management.

**ANSWER:**

Denied.

**COMPLAINT ¶18:**

That when Plaintiff complained of the discriminatory treatment to management he was terminated.

**ANSWER:**

Denied.

**COMPLAINT ¶19:**

The Plaintiff suffered compensatory damages as a result of the retaliation by management.

**ANSWER:**

Denied.

**COMPLAINT ¶20:**

The Defendant's acts were done willfully or in reckless disregard to Plaintiff's right to be free from color discrimination as to warrant punitive damages.

**ANSWER:**

Denied.

**COMPLAINT ¶21:**

The Plaintiff is entitled to attorney's fees and costs as a result of bringing suit to recover for his injuries.

**ANSWER:**

The preceding paragraph contains no factual averments. To the extent that a response is required, Aerotek denies that Plaintiff is entitled to attorney's fees and costs incurred as a result of bringing suit.

## COUNT III
### Retaliation

**COMPLAINT ¶22:**

The Plaintiff adopts and realleges paragraphs 1 through 21 as though fully set forth here.

**ANSWER:**

Aerotek adopts by reference its answers to Paragraphs 1-21.

**COMPLAINT ¶23:**

The Plaintiff suffered retaliation from the Defendant in that he was retaliated against when he was terminated on January 22, 2019.

**ANSWER:**

Denied.

**COMPLAINT ¶24:**

That when Plaintiff complained of the discriminatory treatment to management he was terminated.

**ANSWER:**

Denied.

**COMPLAINT ¶25:**

The Plaintiff suffered compensatory damages as a result of the retaliation by management.

**ANSWER:**

Denied.

**COMPLAINT ¶26:**

The Defendant's acts were done willfully or in reckless disregard to Plaintiffs right to be free from color discrimination as to warrant punitive damages.

**ANSWER:**

Denied.

**COMPLAINT ¶27:**

The Plaintiff is entitled to attorney's fees and costs as a result of bringing suit to recover for his injuries.

**ANSWER:**

The preceding paragraph contains no factual averments. To the extent that a response is required, Aerotek denies that Plaintiff is entitled to attorney's fees and costs as a result of bringing suit.

**COMPLAINT WHEREFORE PARAGRAPH:**

WHEREFORE, the Plaintiff prays for this Honorable Court to grant judgment in his favor awarding compensatory, actual, and punitive damages against the Defendant in excess of $75,000.00 to include attorney's fees and costs.

**ANSWER:**

The preceding paragraph contains no factual averments. To the extent that a response is required, Aerotek denies that Plaintiff is entitled to any damages, including compensatory, actual, and punitive damages, attorney's fees, and costs.

## AFFIRMATIVE DEFENSES

Defendant Aerotek states the following defenses to Plaintiff's Complaint:

1. Aerotek's decision to end Plaintiff's assignment to an Aerotek client was based solely on legitimate non-discriminatory and non-retaliatory reasons, including reports by Aerotek's client that Plaintiff did not follow safety instructions and protocols on multiple occasions.

2. Aerotek exercised reasonable care to prevent and correct any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Aerotek to avoid harm. Aerotek has published and implemented anti-discrimination policies. Aerotek has no record of Plaintiff reporting alleged workplace discrimination or otherwise taking advantage of the preventive or corrective measures in place.

3. Plaintiff's Complaint fails to allege facts that would establish he performed all obligations he owed under any contract with Aerotek, and/or that Aerotek failed to perform any obligations it owed under such a contract.

4. Plaintiff's claims are subject to a mandatory arbitration under the arbitration agreement between Plaintiff and Aerotek.

5. Plaintiff failed to mitigate his alleged damages in whole or in part by seeking alternate employment.

Aerotek reserves the right to assert additional defenses as they may become known.

For the foregoing reasons, Defendant Aerotek, Inc. requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, enter judgment in favor of Aerotek and against Plaintiff, and award Aerotek its costs and attorney fees incurred in the defense of this action.

DATED: January 15, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Andrew Scroggins*
    Andrew Scroggins, Bar No. 6287344 (IL)
    ascroggins@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, I served a true and correct copy of the foregoing DEFENDANT AEROTEK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND via the CM/ECF filing system to all counsel of record.

By: */s/ Andrew Scroggins*

67437067v.2